1

2

3

4

5

6

7                           **UNITED STATES DISTRICT COURT**

8                           **CENTRAL DISTRICT OF CALIFORNIA**

9

10   JOSEPH WHITTAKER DAVIS III,              )      NO. CV 05-8698 GHK (FMO)
                                             )
11                 Petitioner,                )
                                             )
12           v.                               )      **ORDER ADOPTING FINDINGS,**
                                             )      **CONCLUSIONS AND RECOMMENDATIONS**
13   MICHAEL MARTEL, Warden,                  )      **OF UNITED STATES MAGISTRATE JUDGE**
                                             )
14                 Respondent.                )
                                             )
15   _____     )

16                                **INTRODUCTION**

17           On December 13, 2005, Joseph Whittaker Davis III ("petitioner"), a California state prisoner

18   proceeding <u>pro se</u>, filed a Petition for Writ of Habeas Corpus by a Person in State Custody

19   pursuant to 28 U.S.C. § 2254 ("Petition").  Respondent filed a Return to the Petition ("Return") on

20   November 30, 2006.  On February 20, 2007, petitioner filed a Traverse to the Return ("Reply").

21           On May 30, 2008, the United States Magistrate Judge issued a Report and

22   Recommendation ("R&R"), recommending that the Petition be denied and the action dismissed

23   with prejudice.  Thereafter, on July 21, 2008, petitioner filed Objections to the R&R ("Objections").

24                                **DISCUSSION**

25           In his Objections, petitioner objects to the Magistrate Judge's recommendation as to

26   Ground Two.[1]   (<u>See</u> Objections at 22-30).   Petitioner asserts that he received ineffective

27   _____

28        [1]   Petitioner also objects to the Magistrate Judge's recommendation as to Ground One.  (<u>See</u>
     Objections at 1-22).  However, petitioner's Objections merely reiterate the arguments in his Reply,

1   assistance of counsel because his trial attorney failed to adequately consult petitioner, failed to

2   appear at a scheduled hearing, erroneously submitted post-trial motions under another person's

3   name, was suffering from a substance abuse problem at the time of petitioner's trial, and

4   committed suicide after petitioner's trial.  (See Petition at 5 & 5B).  Petitioner argues that the

5   Magistrate Judge did not give due consideration to his contention that trial counsel was suffering

6   from the effects of substance abuse during the pendency of his trial.  (See Objections at 24-30).

7   Petitioner contends that trial counsel's substance abuse caused his counsel to miss court dates,

8   engage in a pattern of unusual behavior, check into a rehabilitation facility and ignore petitioner's

9   case.  (See id. at 24-27).

10          Contrary to petitioner's assertion, the Magistrate Judge implicitly addressed petitioner's

11   claims.  For example, the R&R noted that while trial counsel was suspended from the practice of

12   law on March 28, 2001, due to misconduct stemming from a substance abuse problem and

13   ordered to pay restitution and enroll in alcoholics anonymous classes, there is no indication in the

14   State Bar Opinion that petitioner's counsel was disciplined for any misconduct relating to his

15   representation of petitioner.  (See R&R at 17).  Even assuming, arguendo, that petitioner's

16   arguments were not completely addressed in the R&R, he has not demonstrated any prejudice

17   from trial counsel's actions.  Significantly, petitioner does not identify any instances where trial

18   counsel's substance abuse affected his behavior at trial.  (See, generally, Objections at 22-30).

19   Instead, petitioner merely concludes that he was prejudiced by trial counsel's unavailability.  (See

20   id. at 24).  However, petitioner's speculation that trial counsel's substance abuse led to an

21   unfavorable outcome is not enough to "affirmatively prove prejudice."  Strickland v. Washington,

22   466 U.S. 668, 693, 104 S.Ct. 2052, 2067 (1984); see Gonzalez v. Knowles, 515 F.3d 1006, 1016

23   (9th Cir. 2008) ("Such speculation is plainly insufficient to establish prejudice."); Cooks v. Spalding,

24   660 F.2d 738, 740 (9th Cir. 1981) (per curiam), cert. denied, 455 U.S. 1026, 102 S.Ct. 1729 (1982)

25   (mere speculation insufficient to establish prejudice).

26   _____

27   (see Reply at 20-47), which are thoroughly addressed in the R&R.  Petitioner also summarily
     objects to the Magistrate Judge's recommendations as to  Grounds Three, Five and Six.  (See
     Objections at 31).  However, petitioner merely incorporates the arguments in his Petition and

28   Reply, (see id.), which are thoroughly addressed in the R&R.

1    Petitioner also objects to the Magistrate Judge's recommendation as to Ground Four. (See

2  Objections at 31). In Ground Four, petitioner asserts that the evidence offered to prove his prior

3  conviction was insufficient. (See Petition at 6-6A). Petitioner argues that a recent California

4  Supreme Court decision, People v. Miles, 43 Cal.4th 1074 (2008), prohibits using notations on a

5  fingerprint card to prove a prior strike. (See Objections at 31). However, Miles merely reiterated

6  that "certified documents from the record of the prior proceeding and commitment to prison . . .,

7  prepared contemporaneously with the conviction, as part of the record thereof, by a public officer

8  charged with that duty, and describing the nature of the prior conviction for official purposes, is

9  relevant and admissible" to prove a prior strike. 43 Cal.4th at 1082. In Miles, the California

10  Supreme Court found "no evidence [that] the [federal fingerprint] card had been prepared

11  contemporaneously with the judgment by a court official charged with the duty of recording it

12  accurately." Id. at 1093. In contrast, as the Magistrate Judge noted, the certified records from the

13  California Department of Corrections included contemporaneously prepared records documenting

14  petitioner's prior conviction for robbery (Cal. Penal Code § 211) and first degree burglary (Cal.

15  Penal Code § 459), which were both defined as serious felonies within the meaning of California's

16  Three Strikes law. (See R&R at 31-32).

## CONCLUSION

18    Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the

19  Petition, all of the records herein, the Report and Recommendation of the United States Magistrate

20  Judge, and the Objections to the Report and Recommendation. The Court has made a de novo

21  determination of the portions of the Report and Recommendation to which the Objections were

22  directed. The Court concurs with and adopts the findings and conclusions of the Magistrate

23  Judge. Accordingly, IT IS ORDERED THAT:

24    1.    Judgment shall be entered dismissing the action with prejudice.

25    2.    The Clerk shall serve copies of this Order and the Judgment herein on the parties.

26  DATED:    10/3   , 2008.

27

28
                                            GEORGE H. KING
                                  UNITED STATES DISTRICT JUDGE